**REGIONAL AGRICULTURAL CREDIT
CORPORATION v. ANDERSON.
No. 12290.**

Circuit Court of Appeals, Eighth Circuit.
Feb. 5, 1943.

J. P. Stevens, Asst. U. S. Atty., and P. W. Lanier, U. S. Atty., both of Fargo, N. D., for appellant.

William Lemke, of Fargo, N. D., for appellee.

874

Before SANBORN, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The amount of money in controversy in this appeal is only $62.25, but the appeal presents a question of importance in administration of the Frazier-Lemke Act, 11 U.S.C.A. § 203, and the A. A. A. It is taken to reverse an order of the District Court in a Frazier-Lemke bankruptcy proceeding, affirming an order of the Conciliation Commissioner acting as Referee, to the effect that an allotment payment due the farmer for the crop year 1941, pursuant to the Agricultural Adjustment Act of 1938, 7 U.S.C.A. § 1281 et seq., "should be released to the bankrupt debtor" and should not be applied in offset to a debt owing by the bankrupt to the Regional Agricultural Credit Corporation reduced to judgment prior to the bankruptcy.

It appears that the Regional is an agency of the government created and maintained to make loans or advancements to farmers for agricultural purposes (12 U.S.C.A. § 1148) and that it made such loans to the farmer-debtor herein, secured by lien on chattels. In default of payment it foreclosed and after sale obtained its judgment for deficiency in the state court.

The farmer in carrying on his farming during 1940 made compliance with the requirements of 7 U.S.C.A. § 608 of the Agricultural Adjustment Act of 1933, as amended, and the rules and regulations promulgated thereunder, so that the Secretary of Agriculture was required to pay him an amount referred to as his allotment for the crop year, pursuant to the rules and regulations. One of such rules provided that the payment should be subject to set-off under order issued by the Secretary in cases where "the United States has secured a judgment against the debtor which remains unsatisfied", and the Administrator under the Secretary accordingly set-off the farmer's allotment for 1940 and applied it upon the Regional's judgment against him. That action is not here in question.

But on September 5, 1940, the farmer was adjudged bankrupt under the Frazier-Lemke Act and pursuant to the order made in the proceedings he was permitted to remain in possession of his farm on the condition, among others, of his paying a reasonable amount as rental therefor. It was contemplated at the time of such order that the farmer would conduct his farm opera-

tions so that another allotment under the Agricultural Adjustment Act would become payable to him for the crop year 1941 and it was directed that a part of the same should be paid on the rental prescribed. The Regional had filed its claim in the bankruptcy as a judgment creditor, entitling it to share with other creditors in any realization from the administration, but it also took steps in the office of the Secretary of Agriculture to have the allotment for the year 1941 applied in further off-set of the same debt. On December 9, 1940, the Secretary of Agriculture promulgated the 1941 Conservation Program Bulletin in which it was provided in Section 10(b) under General Provisions Relating to Payments: "Payment computed and made without regard to claims. Any payment or share of payment shall be computed and made without regard to questions of title under State Law, without deductions of claims for advances (except as provided in paragraph (d) of this section, advances for crop insurance premiums for the farm, and indebtedness to the United States subject to set-off under orders issued by the Secretary), and without regard to any claim or lien against any crop, or proceeds thereof, in favor of the owner or any other creditor."

Paragraph (d) referred to deals with assignments of payments as security for advances made for the purpose of financing the making of a crop in 1941.

The order of the Secretary of Agriculture governing set-offs against Soil Conservation payments provides: " * * * I hereby declare the following to be the conditions under which certain debts of persons owing to the Government of the United States on account of indebtedness due and unpaid to any department, establishment, or independent agency of the Government, any corporation all of the stock of which is owned by the United States, or any bureau, administration or corporation in the Department of Agriculture, will be set-off against any payments which may be payable to such persons under any of said statutes. * * * (g) The United States has secured a judgment against the debtor which remains unsatisfied."

■■ We have no doubt that the Secretary's order making generally subject to off-set the amounts which he must pay under A. A. A. to debtors who owe the government upon unsatisfied judgments was lawful and within the powers conferred up-

on him. The federal law has always contained provision for adjustment between mutual debts owing to and by the government, 5 U.S.C.A. § 82; 31 U.S.C.A. §§ 71, 227, and the Secretary's order was appropriate to effectuate the A. A. A. It is also clear that the Regional Agricultural Credit Corporation is simply an agency of the government and the judgment it obtained against the farmer here is for the government and is a debt due the United States to all intents here relevant.

On the other hand, all the assets of the insolvent farmer have been subjected to the jurisdiction of the bankruptcy court under the Frazier-Lemke Act, which is intended to provide means for his rehabilitation and especially to protect him for a period against all his creditors. The A. A. A. allotment for 1941 derived from the use, deemed to be in the public interest, to which the farmer put his land in that year under the protection of the bankruptcy court, and though perhaps not a product of the farming, there is an inseparable connection between the possession and the use of the land and the allotment. The bankruptcy court treated the farmer's right to earn the allotment through the farming of the land as an asset of the farmer under its jurisdiction in ordering that a part of the allotment money be applied on the rental, and such action was doubtless proper, working ultimately to benefit creditors, including the Regional. The prohibitions of the Frazier-Lemke Act apply specifically to "all creditors, public or private", and as an agency of the government holding the unsatisfied judgment against the farmer, the Regional was a public creditor, prohibited like other creditors from taking any proceedings, judicial or official (under the direction of any official) (11 U.S.C.A. § 203, sub. p), to subject any asset of the farmer under the bankruptcy jurisdiction to its debt existing before the bankruptcy. It would seem, therefore, that the steps taken by the Regional to bring about the absorption of the allotment by application of it upon the pre-existing debt owing to the public creditor through official action, were contrary to the intent of the Frazier-Lemke Act, and that Act should be deemed controlling in the special field of its operation. The Regional having filed its claim in the bankruptcy, and being the "public creditor" within the meaning of the statute, accordingly made itself amenable to the orders of the bankruptcy court protective of its jurisdiction.

This case went off in the courts of first instance entirely upon the plea to the jurisdiction made by the Regional. It contended that the $62.25 of allotment money was in the Treasury of the United States, following the direction of the Secretary of Agriculture, and not in its possession or control, and that the Secretary at least was a necessary party without whose presence no effective determination or order for restoration of the allotment could be made by the bankruptcy court in North Dakota. We recognize that difficulty and approve the action of the court in going no further than to direct its order to the Regional. The order could be, and was, intended to be effective only upon that agency to prohibit that agency from taking any steps to bring about official action to prevent the disposition of the allotment money in accordance with the order which the bankruptcy court had made in respect to it. We think that the conciliation commissioner, acting as referee, and the district court had jurisdiction over the Regional for the purposes of the order and that the order appealed from was proper.

Affirmed.